# Exhibit 16

# FORM 9

## NOTICE OF PROPOSED ISSUANCE OF LISTED SECURITIES
## (or securities convertible or exchangeable into listed securities[1])

Please complete the following:

Name of Listed Issuer:  Liberty Health Sciences Inc.                    (the "Issuer").

Trading Symbol:    LHS                .

Date:        February 14, 2018              .

Is this an updating or amending Notice:        x Yes        ☐ No

If yes provide date(s) of prior Notices:    January 4, 2018                            .

Issued and Outstanding Securities of Issuer Prior to Issuance:  284,526,193          .

Date of News Release Announcing Private Placement:  January 4, 2018            .

Closing Market Price on Day Preceding the Issuance of the News Release: 2.66

**1.    Private Placement (if shares are being issued in connection with an acquisition (either as consideration or to raise funds for a cash acquisition), proceed to Part 2 of this form)**

| Full Name & Residential Address of Placee | Number of Securities Purchased or to be Purchased | Purchase price per Security (CDN$) | Conversion Price (if Applicable) | Prospectus Exemption | No. of Securities, directly or indirectly, Owned, Controlled or Directed | Payment Date(1) | Describe relations-hip to Issuer (2) |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

(1)  Indicate date each placee advanced or is expected to advance payment for securities.  Provide details of expected payment date, conditions to release of funds etc.  Indicate if the placement funds been placed in trust pending receipt of all necessary approvals.

(2)  Indicate if Related Person.

[1]An issuance of non-convertible debt does not have to be reported unless it is a significant transaction as defined in Policy 7, in which case it is to be reported on Form 10.

1.  Total amount of funds to be raised: _____ .

2.  Provide full details of the use of the proceeds.  The disclosure should be sufficiently complete to enable a reader to appreciate the significance of the transaction without reference to any other material. _____ .

3.  Provide particulars of any proceeds which are to be paid to Related Persons of the Issuer: _____

_____ .

4.  If securities are issued in forgiveness of indebtedness, provide details and attach the debt agreement(s) or other documentation evidencing the debt and the agreement to exchange the debt for securities.

5.  Description of securities to be issued:

(a)  Class  _____ .

(b)  Number _____ .

(c)  Price per security _____ .

(d)  Voting rights _____

6.  Provide the following information if Warrants, (options) or other convertible securities are to be issued:

(a)  Number _____ .

(b)  Number of securities eligible to be purchased on exercise of Warrants (or options) _____

_____ .

(c)  Exercise price_____ .

(d)  Expiry date _____ .

---

7.      Provide the following information if debt securities are to be issued:

      (a)      Aggregate principal amount _____ .

      (b)      Maturity date _____ .

      (c)      Interest rate _____ .

      (d)      Conversion terms _____ .


      (e)      Default provisions _____ .

8.      Provide the following information for any agent's fee, commission, bonus or finder's fee, or other compensation paid or to be paid in connection with the placement (including warrants, options, etc.):

      (a)      Details of any dealer, agent, broker or other person receiving compensation in connection with the placement (name, address. If a corporation, identify persons owning or exercising voting control over 20% or more of the voting shares if known to the Issuer): ___ .

      (b)      Cash _____ .

      (c)      Securities _____ .

      (d)      Other _____ .

      (e)      Expiry date of any options, warrants etc. _____ .

      (f)      Exercise price of any options, warrants etc. _____ .

9.      State whether the sales agent, broker, dealer or other person receiving compensation in connection with the placement is Related Person or has any other relationship with the Issuer and provide details of the relationship ____

_____ .


10.     Describe any unusual particulars of the transaction (i.e. tax "flow through" shares, etc.).

_____ .

11.     State whether the private placement will result in a change of control.

_____ .

**FORM 9 – NOTICE OF PROPOSED ISSUANCE OF**
**LISTED SECURITIES**
January 2015
Page 3

12. Where there is a change in the control of the Issuer resulting from the issuance of the private placement shares, indicate the names of the new controlling shareholders. _____

_____

_____ .

13. Each purchaser has been advised of the applicable securities legislation restricted or seasoning period. All certificates for securities issued which are subject to a hold period bear the appropriate legend restricting their transfer until the expiry of the applicable hold period required by National Instrument 45-102.

**2. Acquisition**

1. Provide details of the assets to be acquired by the Issuer (including the location of the assets, if applicable). The disclosure should be sufficiently complete to enable a reader to appreciate the significance of the transaction without reference to any other material:   The Issuer has entered into a share purchase agreement whereby its wholly-owned subsidiary, Liberty Health Sciences USA Ltd., will acquire all of the issued and outstanding shares of 242 Cannabis, LLC (the "242 Shares"), an entity that has recently purchased a 387 acre parcel of land in Gainesville, Florida (the "Property"). The Property includes over 200,000 square feet of state-of-art greenhouses, head houses, tissue culture lab and processing facilities. _____

_____ .

2. Provide details of the acquisition including the date, parties to and type of agreement (eg: sale, option, license etc.) and relationship to the Issuer. The disclosure should be sufficiently complete to enable a reader to appreciate the significance of the acquisition without reference to any other material: __ A share purchase agreement dated January 31, 2018 was signed between the Issuer, the Issuers wholly-owned subsidiary, Liberty Health Sciences USA Ltd. (as purchaser) and 242 Cannabis Canada Ltd. (as vendor). The Acquisition will close on February 15, 2018. _____

3. Provide the following information in relation to the total consideration for the acquisition (including details of all cash, securities or other consideration) and any required work commitments:

   (a) Total aggregate consideration in Canadian dollars: $31,000,000   .

   (b) Cash: N/a _____ .

   (c) Securities (including options, warrants etc.) and dollar value: 18,815,322 units of the issuer, comprised of 18,815,322 common

shares of the issuer (with an implied value of $31,000,000, based on a share issue price of $1.6476 per share, the 30 day VWAP of the shares as of December 29, 2017), and 9,407,661 warrants, exercise price $2.07, expiry date: three years from closing.

_____ .

    (d)    Other: n/a _____ .

    (e)    Expiry date of options, warrants, etc. if any:  See (c). _____ .

    (f)    Exercise price of options, warrants, etc. if any: See (c). _____ .

    (g)    Work commitments: N/a _____ .

4.    State how the purchase or sale price was determined (e.g. arm's-length negotiation, independent committee of the Board, third party valuation etc). Arm's length negotiation,

5.    Provide details of any appraisal or valuation of the subject of the acquisition known to management of the Issuer: n/a _____

_____ .

6.    The names of parties receiving securities of the Issuer pursuant to the acquisition and the number of securities to be issued are described as follows:

| Name of Party (If not an individual, name all insiders of the Party) | Number and Type of Securities to be Issued | Dollar value per Security (CDN$) | Conversion price (if applicable) | Prospectus Exemption | No. of Securities, directly or indirectly, Owned, Controlled or Directed by Party | Describe relationship to Issuer [1] |
|---|---|---|---|---|---|---|
| David Conway | 73,786 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
| 1582568 Ontario Inc.(Normand Lamarche) | 516,499 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
| Michael Serruya | 608,731 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | 794,596 shares | N |
| 2443904 Ontario Inc. (Anthony Vella) | 221,357 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | 529,489 shares | N |
| John Allen Jacobs | 280,385 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
| Tracey Yvette Jacobs | 14,757 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |

| Nicole Capogna | 295,142 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
|---|---|---|---|---|---|---|
| Logiq Capital 2016 (Joe Canavan, Mary Anne Palangio, Terence Lui,, Stasha Ninkovic, Logic Asset Management Inc., FS Group Holdings Ltd.) | 590,285 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | 9,070,370 shares | N |
| NG Bahamas Ltd. (Catherine DeFrancesco, Devlin DeFrancesco, Lachlan DeFrancesco, Ava DeFrancesco, Summer DeFrancesco, Cathy DeFrancesco) | 36,893 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | 12,413,063 shares (Devlin DeFrancesco— 186,250 shares; Lachlan DeFrancesco— 186,250 shares; Ava DeFrancesco— 186,250 shares; Summer DeFrancesco— 186,250 shares; Cathy DeFrancesco— 1,047,600 shares) | N |
| DSBI Bahamas Ltd. (Catherine DeFrancesco, Devlin DeFrancesco, Lachlan DeFrancesco, Ava DeFrancesco, Summer DeFrancesco, Cathy DeFrancesco) | 73,786 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | (Devlin DeFrancesco— 186,250 shares; Lachlan DeFrancesco— 186,250 shares; Ava DeFrancesco— 186,250 shares; Summer DeFrancesco— 186,250 shares; Cathy DeFrancesco— 1,047,600 shares) | N |
| DBIC Ltd. (Catherine DeFrancesco, Devlin DeFrancesco, Lachlan DeFrancesco, Ava DeFrancesco, Summer DeFrancesco, Cathy DeFrancesco) | 73,786 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | (Devlin DeFrancesco— 186,250 shares; Lachlan DeFrancesco— 186,250 shares; Ava DeFrancesco— 186,250 shares; Summer DeFrancesco— 186,250 shares; Cathy DeFrancesco— 1,047,600 shares) | N |
| Rockstar Kids Ltd. (Catherine DeFrancesco, Devlin DeFrancesco, Lachlan DeFrancesco, Ava DeFrancesco, Summer DeFrancesco, Carmela DeFrancesco) | 885,427 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | 1,600,000 shares (Devlin DeFrancesco— 186,250 shares; Lachlan DeFrancesco— 186,250 shares; Ava DeFrancesco— 186,250 shares; Summer DeFrancesco— 186,250 shares; Carmela DeFrancesco— 159,000 shares) | N |
| ATG Capital LLC (Barry Honig) | 73,786 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | 8,000,000 shares | N |

**FORM 9 – NOTICE OF PROPOSED ISSUANCE OF
LISTED SECURITIES**
January 2015
Page 7

| | | | | | | |
|---|---|---|---|---|---|---|
| GRQ Consultants, Inc. (Barry Honig) | 645,624 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | 8,000,000 shares | N |
| Stetson Capital Management, LLC (John Stetson) | 184,464 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | 236,000 shares | N |
| Melechdavid Inc. (Mark Groussman) | 424,267 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | 304,000 shares | N |
| Great Timing Bahamas Ltd. (Catherine DeFrancesco, Devlin DeFrancesco, Lachlan DeFrancesco, Ava DeFrancesco, Summer DeFrancesco, Andrea DeFrancesco) | 885,427 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | (Devlin DeFrancesco— 186,250 shares; Lachlan DeFrancesco— 186,250 shares; Ava DeFrancesco— 186,250 shares; Summer DeFrancesco— 186,250 shares) | N |
| Kevin Reid | 73,785 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
| Simon Serruya | 6,271,774 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
| 2208744 Ontario Inc. (Jack Serruya) | 3,320,351 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
| Michael Serruya | 1,383,480 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | 794,596 shares | N |
| Samuel Serruya | 1,401,925 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
| Robert E. Kipping | 295,142 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
| Wynter Rose Capital Inc. (Catilyn Plunket) | 36,893 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
| Casey Baker | 73,785 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
| Godsoe Financial Capital ltd. (Michael Godsoe) | 36,893 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | 50,000 shares | N |
| Dark Horse Financial Corp. (Andrew Rudensky) | 29,514 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |
| Timothy J. Foley | 7,378 units | $1 per unit | Each warrant is exercisable at $2.07 per common share | NI 45-106, s.2.16 | None | N |

(1) Indicate if Related Person

---

**FORM 9 – NOTICE OF PROPOSED ISSUANCE OF LISTED SECURITIES**
January 2015
Page 8

7.        Details of the steps taken by the Issuer to ensure that the vendor has good title to the assets being acquired: <u>Customary protections under share purchase agreement, due diligence, title insurance on Property.</u>

          _____ .

8.        Provide the following information for any agent's fee, commission, bonus or finder's fee, or other compensation paid or to be paid in connection with the acquisition (including warrants, options, etc.): <u>NONE</u>

          (a)        Details of any dealer, agent, broker or other person receiving compensation in connection with the acquisition (name, address. If a corporation, identify persons owning or exercising voting control over 20% or more of the voting shares if known to the Issuer): _____

                     _____ .

          (b)        Cash _____ .

          (c)        Securities _____ .

          (d)        Other _____ .

          (e)        Expiry date of any options, warrants etc. _____

          (f)        Exercise price of any options, warrants etc. _____ .

9.        State whether the sales agent, broker or other person receiving compensation in connection with the acquisition is a Related Person or has any other relationship with the Issuer and provide details of the relationship. <u>No</u>

          _____

          _____

10.       If applicable, indicate whether the acquisition is the acquisition of an interest in property contiguous to or otherwise related to any other asset acquired in the last 12 months. <u>No</u>

          _____

          _____ .

---

**Certificate Of Compliance**

The undersigned hereby certifies that:

1.      The undersigned is a director and/or senior officer of the Issuer and has been duly authorized by a resolution of the board of directors of the Issuer to sign this Certificate of Compliance on behalf of the Issuer.

2.      As of the date hereof there is not material information concerning the Issuer which has not been publicly disclosed.

3.      The undersigned hereby certifies to the Exchange that the Issuer is in compliance with the requirements of applicable securities legislation (as such term is defined in National Instrument 14-101) and all Exchange Requirements (as defined in CSE Policy 1).

4.      All of the information in this Form 9 Notice of Issuance of Securities is true.


Dated February 15, 2018                          .

George Scorsis                       
Name of Director or Senior
Officer

*(Signed) "George Scorsis"*      
Signature

Chief Executive Officer            
Official Capacity
