

Lee S. Richards
Partner
D +1 212.530.1840
F +1 917.344.8840
LRichards@rkollp.com

October 9, 2020

<u>By ECF</u>

Honorable Mary Kay Vyskocil
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2230
New York, NY 10007-1312

      Re:    *Lin v. Liberty Health Sciences, Inc.*, No. 19-cv-00161-MKV-SLC

Dear Judge Vyskocil:

We represent Liberty Health Sciences Inc. ("Liberty") in the above-captioned action and write in response to Plaintiffs' purported supplemental authority letter dated October 7, 2020 (ECF No. 73, the "Letter"). Judge Daniels's decision denying in part and granting in part defendants' motion to dismiss in *In re Aphria, Inc. Securities Litigation*, No. 18-cv-11376-GBD (ECF No. 73-1, "Opinion"), has no relevance whatsoever to Liberty's pending motion to dismiss, and Liberty respectfully urges this Court to disregard Plaintiffs' continued innuendo regarding non-party Aphria.

In the *Aphria* action, shareholders alleged that Aphria "made misrepresentations regarding the operational status, condition, and value" of certain Latin American assets that Aphria purchased. Opinion at *8. Aphria told investors that the assets were functional companies, but plaintiffs allege that they were actually "underdeveloped and largely inoperable entities." *Id*. Whether or not Aphria shareholders plausibly alleged that Aphria made misrepresentations about Aphria acquisitions in Latin America has absolutely nothing to do with whether Liberty properly disclosed Liberty's acquisition of 242 Cannabis Canada, Ltd.

Moreover, the 242 Cannabis Canada, Ltd. transaction could not be more different from the allegations regarding Aphria's Latin American acquisitions. Unlike Aphria's Latin American assets, which were alleged to have been inoperable and worthless, the Florida production facility acquired by Liberty from 242 Cannabis Canada, Ltd. has been a key driver of Liberty's revenue growth by substantially increasing Liberty's annual cultivation production capacity. Plaintiffs' vague reference in their Letter to unnamed "Aphria insiders" who were supposedly involved in the 242 Cannabis Canada Ltd. transaction is not enough to connect the two unrelated sets of allegations. If Plaintiffs were harmed by Aphria insiders, whoever they might be, Plaintiffs are welcome to bring an action against them—but they have not done so in this case.

200 Liberty Street      New York      Washington      London      WWW.RKOLLP.COM
New York, New York 10281-1003

The Honorable Mary Kay Vyskocil, U.S.D.J.                                                     Page 2
October 9, 2020


Plaintiffs' letter should also be disregarded because it continues to misrepresent the nature of the 242 Cannabis Canada, Ltd. transaction.  The "main asset" of 242 Cannabis Canada Ltd. was not the production facility—242 Cannabis Canada Ltd. also held C$17.3 million in cash and other assets.  Liberty Br. at 22.  Liberty thus acquired a property independently valued at substantially in excess of C$8 million and C$17.3 million in cash in exchange for Liberty stock and warrants valued at C$31 million, all of which was duly disclosed to Liberty investors.  Liberty Br. at 21-23; Liberty Reply Br. at 5.

Plaintiffs do make one point that Liberty agrees with.  The Liberty stock drop that Plaintiffs are suing on followed a December 3, 2018 short seller report disclosing facts about Aphria's Latin American assets, and which revealed nothing to the market about Liberty or about any of the supposed misstatements or omissions alleged in the Second Amended Complaint here.  Liberty Br. at 28-29.  That Plaintiffs' Aphria-centric Second Amended Complaint fails to plead loss causation is reason to grant, not deny, Liberty's motion.

Finally, although Aphria is, like Liberty, a Canadian company, Aphria's stock was listed on the New York Stock Exchange during the relevant period and was purchased there by at least one named plaintiff.  Opinion at *1.  Liberty, on the other hand, is listed solely on the Canadian Securities Exchange; Plaintiffs' Second Amended Complaint solely concerns Canadian securities filings and statements made by Liberty in Canada; and Plaintiffs have not alleged that title transferred or irrevocable liability was incurred in the United States.  The Opinion thus has no bearing on Liberty's robust personal jurisdiction and *Morrison* defenses.


                                            Respectfully submitted,

                                            /s/ Lee S. Richards
                                            Lee S. Richards


cc:  All Counsel of Record (via ECF)