UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY LIN, et al., individually and on
behalf of all others similarly situated,

Plaintiff,

-against-

LIBERTY HEALTH SCIENCES INC., et al.,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/16/2021

19-cv-00161 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

The Court has reviewed Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Settlement in this case.  *See* ECF Nos. 82-84.  In order to preliminarily approve the settlement, the Court must consider whether "the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal" Fed. R. Civ. P. 23(e)(1)(B).  This standard is more exacting than the standard that existed before the 2018 amendments to Rule 23.  *See In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019).  Under Rule 23(e)(2), the Court must determine that the relief to the class is adequate.

At this time, the Court will not preliminarily approve the settlement.  Plaintiffs' memorandum in support of preliminary approval states that each class member may receive as much as 2 cents per damaged share *before* fees or costs are excluded from the settlement fund. *See* Memorandum in Support of Preliminary Approval, ECF No. 83, at 21.  Without further support the Court cannot determine that it is "likely" this amount is adequate to compensate class members.

Accordingly, IT IS HEREBY ORDERED that on or before March 26, 2021, Plaintiffs should submit briefing, not to exceed seven pages, regarding the adequacy of the current

settlement amount and other factors supporting approval of the settlement.  Plaintiffs specifically should include references to other approved settlements with similar per share distributions to class members.


SO ORDERED.

Dated:    February 16, 2021
          New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge