**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| NANCY LIN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:19-cv-00161 |
| Plaintiff, | |
| v. | **CLASS ACTION** |
| LIBERTY HEALTH SCIENCES INC., GEORGE SCORSIS, RENE GULLIVER, and VIC NEUFELD | |
| Defendants. | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN**
**FURTHER SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

**POMERANTZ LLP**
Jeremy A. Lieberman
Cara David
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
cdavid@pomlaw.com

*Lead Counsel and [Proposed] Class Counsel*
*for Plaintiffs*

*Additional counsel set forth on last page*

## TABLE OF CONTENTS

Page

I.    THE SETTLEMENT FALLS WITHIN THE RANGE OF REASONABLENESS .......... 1

II.   THE COMPLEXITY AND RISK ASSOCIATED WITH THIS LITIGATION
      FAVORS SETTLEMENT ..................................................................................... 5

III.  CONCLUSION ...................................................................................................... 7

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Christine Asia Co. v. Yun Ma*,
    *No.* 115MD02631CMSDA, 2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) ........................................... 2

*City of Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974), abrogated on other grounds by *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43 (2d Cir. 2000) ................................................................................. 2

*In re Advanced Battery Techs. Inc. Sec. Litig.*,
    298 F.R.D. 171 (S.D.N.Y 2014) .................................................................................................. 5

*In re Glob. Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) ................................................................................................. 7

*In re Signet Jewelers Ltd. Sec. Litig.*,
    No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468 (S.D.N.Y. July 21, 2020) ..................................... 2

*Morrison v. Nat'l Australia Bank Ltd.*,
    561 U.S. 247 (2010) .................................................................................................................... 6

**Other Authorities**

Cornerstone Research, "Securities Class Action Settlements — 2019 Review and Analysis" ...................................................................................................................................... 1

James D. Cox and Randall S. Thomas, *Letting Billions Slip Through Your Fingers: Empirical Evidence and Legal Implications of the Failure of Financial Institutions to Participate in Securities Class Action Settlements*, 58 STAN. L. REV. 411 (2005) ............................ 3

Jessica Erickson, *Automating Securities Class Action Settlement*, 72 VANDERBILT LAW REVIEW 1817 (2019) .................................................................................................................... 3

**Filings**

*Arthur Kaye IRA FCC as Custodian DTD 6-8-00 v. ImmunoCellular Therapeutics, Ltd. et al.*,
    No. 2:17-cv-03250, Notice of Proposed Class Action Settlement, ECF No. 132-3 (C.D. Cal. Dec. 10, 2018) ..................................................................................................... 3

*Arthur Kaye IRA FCC as Custodian DTD 6-8-00 v. ImmunoCellular Therapeutics, Ltd. et al.*,
    No. 2:17-cv-03250, Order Re: Mot. for Prelim. Approval of Class Action Settlement, ECF No. 136 (C.D. Cal. Feb. 4, 2019) ..................................................................... 3

*Arthur Kaye IRA FCC as Custodian DTD 6-8-00 v. ImmunoCellular*
*Therapeutics, Ltd. et al.*,
No. 2:17-cv-03250, Order Re: Final Approval of Class Action Settlement,
ECF No.147 (C.D. Cal. Nov. 19, 2019) ...................................................................... 3

*Emerson et al. v. Mut. Fund Series Tr. et al.*,
No. 2:17-cv-02565, Stipulation and Agreement of Settlement, ECF No. 92-1
(E.D.N.Y. Mar. 10, 2020) ........................................................................................... 2

*Emerson et al. v. Mut. Fund Series Tr. et al.*,
No. 2:17-cv-02565, Order granting Prelim. Approval of Class Action
Settlement, ECF No. 95 (E.D.N.Y. Mar. 30, 2020) .................................................... 2

*Emerson et al. v. Mut. Fund Series Tr. et al.*,
No. 2:17-cv-02565, Order granting Mot. for Approval of Plan of Allocation,
ECF No. 108 (E.D.N.Y. Sept. 9, 2020) ) .................................................................... 2

*Guyer v. MGT Cap. Investments, Inc. et al*, No. 1:18-cv-09228, Notice of
Pendency and Proposed Settlement of Class Action, ECF No. 53-3 (S.D.N.Y
Oct. 11, 2019) .............................................................................................................. 3

*Guyer v. MGT Cap. Investments, Inc. et al*,
No. 1:18-cv-09228, Order granting Mot. for Settlement, ECF No. 57 (S.D.N.Y
Dec. 17, 2019) ............................................................................................................. 3

*Guyer v. MGT Cap. Investments, Inc. et al*, No. 1:18-cv-09228, Final J, ECF No.
73 (S.D.N.Y May 27, 2020) ........................................................................................ 3

*In re Avon Products Inc. Sec. Litig.*,
1:19-cv-01420-MKV, Stipulation and Agreement of Settlement, ECF No. 71-
1 (S.D.N.Y. Aug. 21, 2020) ......................................................................................... 5

*In re Avon Products Inc. Sec. Litig.*,
1:19-cv-01420-MKV, Order Granting Prelim. Approval of Settlement, ECF
No. 74 (S.D.N.Y. Aug. 31, 2020) ................................................................................ 5

*In re Avon Products Inc. Sec. Litig.*,
1:19-cv-01420-MKV, Final J. and Order of Dismissal with Prejudice, ECF
No. 95 (S.D.N.Y. Feb. 3, 2020) ................................................................................... 5

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
No. 1:17-cv-04846, Mem. of Law in Supp. of Am. Unopposed Mot. for Entry
of Order Prelim. Approving Settlement and Establishing Notice Procedures,
ECF No. 82 (E.D.N.Y. Nov. 13, 2020) ....................................................................... 1

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
No. 1:17-cv-04846, Order, ECF No.86 (E.D.N.Y. Feb. 01, 2020) .............................. 1

*In re Jumia Techs. AG Sec. Litig.*,
No. 1:19-cv-04397, Mem. of Law in Supp. of Unopposed Mot. for Entry of
Order Prelim. Approving Settlement and Establishing Notice Procedures, ECF
No. 111 (S.D.N.Y. Oct. 9, 2020) ................................................................................. 2

*In re Jumia Techs. AG Sec. Litig.*,
   No. 1:19-cv-04397. Order Prelim. Approving Proposed Settlement, Certifying
   Exchange Act Settlement Class, Providing for Notice, and Scheduling
   Settlement Hr'g, ECF No. 113 (S.D.N.Y. Oct. 19, 2020) ...........................................................2

*In re Molycorp. Inc. Sec. Litig.*,
   No. 1:13-cv-05697, Stipulation of Settlement, ECF No. 78-1 (S.D.N.Y. Nov.
   18, 2016) ...........................................................................................................................3

*In re Molycorp. Inc. Sec. Litig.*,
   No. 1:13-cv-05697, Order Prelim. Approving Settlement and Providing for
   Notice, ECF No. 86 (S.D.N.Y. Jan. 18, 2017) ................................................................3

*In re Molycorp. Inc. Sec. Litig.*,
   No. 1:13-cv-05697, Final J. and Order of Dismissal with Prejudice, ECF No. 95
   (S.D.N.Y. May 15, 2017)        3

*Kevin T. Knox v. Yingli Green Energy Holding Co. Ltd. et al*,
   No. 2:15-cv-04003, Notice of Pendency and Settlement of Class Action, ECF
   No. 131-2 (C.D. Cal. June 17, 2018) .................................................................................3

*Kevin T. Knox v. Yingli Green Energy Holding Co. Ltd. et al*,
   No. 2:15-cv-04003, Order Prelim. Approving Settlement and Providing for
   Notice, ECF No. 134 (C.D. Cal. Aug. 29, 2018) ..............................................................3

*Kevin T. Knox v. Yingli Green Energy Holding Co. Ltd. et al*,
   No. 2:15-cv-04003, Order and Final J., ECF No. 149 (C.D. Cal. Dec. 20,
   2018) ...............................................................................................................................3

*Maleeff v. B Commc'ns Ltd.*,
   No. 1:17-cv-04937, Mem. of Law in Supp. of Unopposed Mot. for Prelim.
   Approval of Class Action Settlement, ECF No. 126 (S.D.N.Y Mar. 3, 2020) ...........................4

*Maleeff v. B Commc'ns Ltd.*,
   No. 1:17-cv-04937, Mem. of Law in Supp. of Pls. Mot. for Authorization to
   Distribute Net Settlement Fund, ECF No. 139 (S.D.N.Y Feb. 19, 2021) .................................4

*Revolution Lighting Techs., Inc. Sec. Litig.*,
   No. 1:19-cv-00980, Lead Pl. Mem. of Law in Supp. of Mot. for Prelim.
   Approval of Class Action Settlement, ECF No. 60 (S.D.N.Y. Mar. 20, 2020) ..........................2

*Revolution Lighting Techs., Inc. Sec. Litig.*,
   No. 1:19-cv-00980, Order Prelim. Approving Settlement and Providing for
   Notice, ECF No. 64 (S.D.N.Y. Apr. 10, 2020) .................................................................2

*Revolution Lighting Techs., Inc. Sec. Litig.*, No. 1:19-cv-00980, J. Granting Final
   Approval of Settlement ECF No. 86 (S.D.N.Y. Aug. 11, 2020) ..................................................2

*Strougo v. Lannett Co., Inc. et al*,
   No. 2:18-cv-03635, Notice of Proposed Settlement of Class Action, ECF No.
   68-2 (E.D. Pa. July 12, 2019) .........................................................................................3

*Strougo v. Lannett Co., Inc. et al*,
   No. 2:18-cv-03635, Order, ECF No. 73 (E.D. Pa. July 31, 2019) .............................................3

*Strougo v. Lannett Co., Inc. et al*,
   No. 2:18-cv-03635, J Order, ECF No. 81 (E.D. Pa. Feb. 7, 2020) ............................................. 3

Lead Plaintiff Nancy Lin and Plaintiff Gilbert Lee Silverbird (collectively, "Plaintiffs"), individually and on behalf of all other persons similarly situated, respectfully submit this supplemental memorandum in response to the Court's February 16, 2021 order (ECF No. 87) and in further support of Plaintiffs' unopposed motion seeking preliminary approval of the proposed settlement between the parties (the "Settlement") (ECF Nos. 82-84).[1] As fully set forth in the opening memorandum of law, Plaintiffs and defendants Liberty Health Sciences, Inc. ("Liberty"), Rene Gulliver, Vic Neufeld, and George Scorsis (collectively, "Defendants," with Plaintiffs, the "Parties") have agreed to settle this case for one million eight hundred thousand dollars (US$1,800,000.00). As demonstrated below, this is an excellent result for Settlement Class Members.

## I.    THE SETTLEMENT FALLS WITHIN THE RANGE OF REASONABLENESS

The total damages in this case were estimated by Plaintiffs' expert to be just under 22 million dollars and the Settlement represents approximately 8.3% of the estimated damages. This is significantly higher than the median ratio of settlement values reported by both Cornerstone Research and NERA Economic Consulting. *See* Cornerstone Research, "Securities Class Action Settlements — 2019 Review and Analysis," at 6 (the median recovery in 10(b) cases in 2019 was 4.8% of estimated damages); NERA Economic Consulting, "Recent Trends in Securities Class Action Litigation: 2020 Full-Year Review, at 19 ("For cases settled between 2012 and 2020, the ratio of settlement to Investor Losses is. . . 5.2% for cases with Investor Losses between $20 million and $50 million."). In the past year, courts in this circuit have approved multiple settlements with a lower ratio of recovery to estimated damages. *See*, *e.g., In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 1:17-cv-04846, ECF Nos. 82, 86 (E.D.N.Y. order preliminarily

---

[1] All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement (the "Stipulation," ECF No. 84-1).

approving a 2020 settlement that represents 7.1% of the maximum potential statutory damages); *In re Jumia Techs. AG Sec. Litig.*, No. 1:19-cv-04397, ECF Nos. 111, 113 (S.D.N.Y. order preliminarily approving a 2020 settlement in which the federal and state actions combined returned 1.94% to investors); *Revolution Lighting Techs., Inc. Sec. Litig.*, No. 1:19-cv-00980, ECF Nos. 60, 64, 86 (S.D.N.Y. orders granting preliminary and final approval given to 2020 settlement that represented 5.78% of potential damages).

The percentage of recovery metric is generally the one courts look to when analyzing the "reasonableness of recovery" *Grinnell* factor. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-463 (2d Cir. 1974), abrogated on other grounds by *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43 (2d Cir. 2000) (looking at the percentage of recovery even while stating "there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery"); *see also, e.g., In re Signet Jewelers Ltd. Sec. Litig.,* No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at *12 (S.D.N.Y. July 21, 2020) (reviewing adequacy of percentage of maximum damages); *Christine Asia Co. v. Yun Ma, No.* 115MD02631CMSDA, 2019 WL 5257534, at *14 (S.D.N.Y. Oct. 16, 2019) (examining percentage of recovery under different damages scenarios). It is a better indicator than looking at the amount per damaged share because even in a case where a settlement recouped all potential damages, the recovery per damaged share could still be low.

In this case, the Plan of Allocation estimates a gross average recovery of $0.019 per damaged share before deduction of Court-approved fees and expenses and costs of notice and claims administration. Courts, including those in this circuit, have approved settlements with a lower per-damaged-share recovery figure. *See Emerson et al v. Mut. Fund Series Tr. et al*, No. 2:17-cv-02565, ECF Nos. 92-1, 95, 108 (2020 E.D.N.Y. settlement of approximately $0.009 per

2

allegedly damaged share before expenses and fees); *Guyer v. MGT Cap. Investments, Inc. et al*, No. 1:18-cv-09228, ECF Nos. 53-3, 57, 73 (2019 S.D.N.Y. settlement representing approximately $0.01 per allegedly damaged share, before the deduction of fees and expenses); *Strougo v. Lannett Co., Inc. et al*, No. 2:18-cv-03635, ECF Nos. 68-2, 73, 81 (2019 E.D. Pa. settlement amounting to roughly $0.015 per damaged share before deduction of fees and expenses); *Arthur Kaye IRA FCC as Custodian DTD 6-8-00 v. ImmunoCellular Therapeutics, Ltd. et al.*, No. 2:17-cv-03250, ECF Nos. 132-3, 136, 147 (2018 C.D. Cal. settlement of approximately $0.015 per damaged share before deduction of deduction of fees and expenses); *Kevin T. Knox v. Yingli Green Energy Holding Co. Ltd. et al*, No. 2:15-cv-04003, ECF Nos. 131-2, 134, 149 (2018 C.D. Cal. settlement with an estimated recovery of $0.0093 per damaged ADS before deduction of fees and expenses); *In re Molycorp. Inc. Sec. Litig.*, No. 1:13-cv-05697, ECF Nos. 78-1, 86, 95 (2016 S.D.N.Y. settlement of approximately $0.01 per damaged share before deduction of fees and expenses).

However, it is also important to put the $0.019 figure in context. Investors will only receive an average of $0.019 cents per share if *all* owners of damaged shares file claims with sufficient documentation. This is highly unlikely. In 2005, Professors James Cox and Randall Thomas published a study finding that only 28% of institutional investors filed claims in securities class actions. *See* James D. Cox and Randall S. Thomas, *Letting Billions Slip Through Your Fingers: Empirical Evidence and Legal Implications of the Failure of Financial Institutions to Participate in Securities Class Action Settlements*, 58 STAN. L. REV. 411, 421-24 (2005). "There is no data on the percentage of smaller investors who file claims in securities class actions. It is fair to assume, however, that they are even less likely to navigate the complexities of the claims administration process than their larger, more sophisticated counterparts."" Jessica Erickson, *Automating Securities Class Action Settlement*, 72 VANDERBILT LAW REVIEW 1817, 1828 (2019).

3

In fact, the President of Strategic Claims Services, the proposed Claims Administrator in this case, estimates that in his thirty years of experience, only approximately 10% of retail investors file sufficient claims, accounting for 25%-35% of damaged shares. *See* Declaration of Paul Mulholland in Support of Plaintiffs' Unopposed Motion for Preliminary Approval ("Mulholland Decl.," Ex. 1[2]) at ¶7. Over 99% of Liberty shareholders during the class period were retail investors. *Id.* at ¶6. It is therefore likely that claimants will be able to receive more than 8.3% of their losses. In a recent case with another small-cap stock, those who filed valid claims are eligible to receive 71% of their recognized losses, although the settlement recovered slightly over 17% of damages. *See Maleeff v. B Commc'ns Ltd.*, No. 1:17-cv-04937, ECF Nos. 126, 139 (2019 S.D.N.Y. settlement and 2020 motion for distribution). The per share recovery of each investor should also be significantly higher than $0.019. This is true even after deduction of the requested fees and costs.

If the court approves the maximum amount of requested fees and expenses,[3] the net settlement amount would be $907,000. Plaintiffs' damages expert estimated there were 94.6 million damaged shares. Given the net amount, if investors provided adequately supported claims for 30% of damaged shares (the middle of the estimate provided by Mr. Mulholland), the return to investors would be $0.032 per share.

Additionally, Liberty, which traded over-the-counter in the United States under the symbol LHSIF[4], traded at $0.921 on average during the Class Period. Ex. 2. This Court previously approved (at both the preliminary and final phases) a settlement where plaintiffs estimated at the notice stage that the average cash recovery per damaged share of Avon Products Inc. ("Avon")

---

[2] Exhibits ("Ex.") are attached to the Declaration of Cara David filed herewith.

[3] The costs are in fact expected to be less than this amount. The opening papers requested that the Escrow Agent transfer two hundred fifty thousand U.S. dollars ($250,000.00) to an interest-bearing account to be maintained by the Settlement Administrator to pay reasonable costs. (ECF Nos. 83, 84-1.) However, SCS estimates the cost will in fact be less than $200,000. *See* Mulholland Decl. at ¶8. Any remainder will be part of the net settlement fund.

[4] Liberty is no longer available for purchase on the open market. Ayr Wellness Inc. acquired all of the common shares of Liberty in a deal that closed last month.

common stock would be approximately $0.04 before deduction of court-approved fees and expenses. *See In re Avon Products Inc. Sec. Litig.*, 1:19-cv-01420-MKV, ECF Nos. 71-1, 74, 95 (2020 S.D.N.Y. settlement documents and related orders) (Vyskocil, J.). During the class period proposed in the Avon litigation, Avon traded at $4.300 on average. Ex. 3. That is over four times what Liberty traded at, meaning the Liberty Settlement, while it may appear to compensate aggrieved shareholders less than the Avon Settlement, in fact promises them a higher percentage of return on their investment.

## II.   THE COMPLEXITY AND RISK ASSOCIATED WITH THIS LITIGATION FAVORS SETTLEMENT

It is well known that "[s]ecurities class actions present hurdles to proving liability that are particularly difficult for plaintiffs to meet." *In re Advanced Battery Techs. Inc. Sec. Litig.*, 298 F.R.D. 171, 177 (S.D.N.Y 2014). This case settled after motions to dismiss had been fully briefed but before this Court had rendered a decision.[5] While Plaintiffs believed in the adequacy of their pleadings, there is always a risk that a case will be dismissed, leaving the proposed Settlement Class with potentially no recovery. NERA Economic Consulting has stated that "[a] review of the current status of securities class action suits filed after 2014 reveals that within each filing year a greater proportion of cases have been dismissed than have been settled." NERA Economic Consulting, "Recent Trends in Securities Class Action Litigation: 2020 Full-Year Review, at 13 ("For cases filed between 2015 and 2017, dismissal rates range from 44% to 49% each year . . . Of the cases filed in 2018, as of December 2020, 35% were resolved in favor of the defendant, 11% were settled, and 53% remained pending.").

---

[5] On April 24, 2020, three separate motions to dismiss the Complaint were filed by (i) Liberty (ECF No. 54); (ii) Rene Gulliver and George Scorsis (ECF No. 58); and (iii) Vic Neufeld (ECF No. 57). Plaintiffs filed a single omnibus opposition to these three motions to dismiss on June 1, 2020 (ECF No. 66). Three replies were filed in further support of the motions to dismiss on June 22, 2020 (ECF Nos. 67, 69, 70).

This case in particular was not an easy one. Each Defendant disputed the Court's personal jurisdiction over Defendants, convenience of the forum, whether Plaintiffs sufficiently alleged a material misstatement or omission, whether Plaintiffs sufficiently alleged scienter and whether the case should be dismissed on extraterritoriality grounds under *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010). Additionally, loss causation was hotly contested. In the Complaint, Plaintiffs alleged two corrective disclosures: (i) a short-seller report that was released on December 3, 2018 and focused on Aphria, Inc. ("Aphria"), a different Canadian company that was intertwined with Liberty (the "Hindenburg Report"); and (ii) a follow-up short-seller report released on December 6, 2018 that focused on Liberty (the "Liberty Report"). Defendants argued that because the Hindenburg Report did not disclose new information about Liberty, only Aphria, it was inadequate to plead loss causation as to Liberty. *See* ECF No. 54 at 28-29. In response, Plaintiffs argued that the two companies were so intertwined publicly that Liberty, also known as Aphria USA, followed Aphria's stock movements, and that Liberty investors could claim damages based on Liberty's December 3, 2018 stock price decline. *See* ECF No. 66 at 36-37. Plaintiffs' believe this argument was valid, but Defendants had very credible defenses to this position. If the Court agreed with Defendants' argument on simply this one point, and found that the first disclosure could not be used to establish loss causation, the estimated damages in the case would have dropped significantly. Plaintiffs expert estimated the final disclosure caused less than $4 million in damages. Therefore, if this Court found only the second disclosure to have caused the Settlement Class' losses, the $1,800,000 settlement would compensate the Settlement Class for 46% of its losses.

Defendants also asserted a loss causation argument with regard to the Liberty Report, arguing that it could not form the basis for a securities claim because it disclosed no new

6

information and the stock rose the day the Liberty Report was released. *See* ECF No. 54 at 29. Plaintiffs countered that the stock dropped intraday following the disclosure of the Liberty Report and relayed information that was not widely known. *See* ECF No. 66 at 37-38. Again here, Plaintiffs believed they had the better of these arguments, but there was significant risk that this Court would not agree.

Expenses and risk would only continue to increase as the litigation wore on. Many of the documents and possible witnesses were outside of the United States, increasing service and enforcement costs. This early settlement is therefore truly the best result for the proposed Settlement Class. *See In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 460 (S.D.N.Y. 2004) ("[W]ithout the proposed settlement, class members might well receive far less than the settlement would provide to them, even if they could prevail on their claims.").

## III.    CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the Court grant the requested relief.

Dated: March 24, 2021                              **POMERANTZ LLP**

By: */s/ Cara David*
Jeremy A. Lieberman
Cara David
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
cdavid@pomlaw.com

*Lead Counsel and [Proposed] Class Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel*

8