UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NANCY LIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY HEALTH SCIENCES INC., GEORGE SCORSIS, RENE GULLIVER, and VIC NEUFELD,<br><br>Defendants. | Case No.  1:19-cv-00161-MKV-SLC |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTIONS FOR (I) FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION AND (II) AWARD OF ATTORNEYS'
FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARD**

Lead Plaintiff Nancy Lin and Plaintiff Gilbert Lee Silverbird (together, "Plaintiffs"), on behalf of themselves and all Class Members, respectfully submit this reply memorandum of law in further support of Plaintiffs' Unopposed Motions for (i) Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds (the "Final Approval Motion," ECF Nos. 93-95) and (ii) Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Award to Plaintiffs (ECF Nos. 96-97).[1]

## I.    PRELIMINARY STATEMENT

Plaintiffs explained why the Court should grant final approval to the Settlement, Plan of Allocation, and Plaintiffs' and Lead Counsel's fee and expense requests in the opening Motions in support of the Settlement. (ECF Nos. 93 and 96). Plaintiffs submit this reply memorandum in further support of those Motions and to updated the Court on the results of the extensive Court-approved settlement notice program. After the notification of 38,242 potential Settlement Class Members, ***not a single*** objection to the Settlement has been received. Since the filing of the Final Approval Motion, there have been two exclusions (from the same address) received, but neither is valid yet. As set forth below, the lack of valid objections and exclusions strongly supports the proposed Settlement, Plan of Allocation, and award of attorneys' fees and reimbursement of expenses. Plaintiffs request that the Court enter the [Proposed] Final

---

[1] Capitalized terms used herein that are not otherwise defined have the meanings as set forth in the Stipulation of Settlement, dated January 8, 2021 (ECF No. 84-1) ("Stipulation"), or in the Declaration of Cara David in Support of Plaintiffs' (1) Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds and (2) Unopposed Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Award to Plaintiffs, dated September 20, 2020 (ECF No. 95).

Judgment Approving Class Action Settlement and Order of Dismissal with Prejudice that is submitted with this Reply.[2]

## II.    THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION AND THE REQUESTED ATTORNEYS' FEES, LITIGATION EXPENSES, AND PLAINTIFFS' AWARDS

In accordance with the Preliminary Approval Order (ECF No. 92), on July 8, 2021, the Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), began mailing copies of the Notice of Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release Form (together, the "Notice Packet") to potential Class Members and their nominees. (*See* Declaration of Josephine Bravata Concerning: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Bravata Decl.," ECF No. 95-1) ¶ 3.) As of today's date, SCS has mailed a total of 20,725 Notice Packets to potential Settlement Class Members and nominees. (*See* Supplemental Declaration of Josephine Bravata Regarding: (A) Mailing of Notice Packet; and (B) Report on Requests for Exclusion and Objections Received to Date ("Supplemental Bravata Decl.") ¶ 2, attached as Exhibit 2 to the Supplemental Declaration of Cara David (the "Supplemental David Decl.") filed herewith.)[3] Additionally, as of this filing, SCS was notified by nominees that 17517 links were emailed to notify customers of this settlement and provide direct links to the Notice and Claim Form on the settlement webpage. (*Id.*) The Summary Notice was published online over Globe Newswire on *Globe Newswire* on August 12, 2021. (Bravata Decl. ¶ 9, Ex.

---

[2] The Settlement is conditioned on the occurrence of the entry of the [Proposed] Final Judgment Approving Class Action Settlement and Order of Dismissal with Prejudice. (*See* Stipulation ¶ 8.1). This proposed Order is attached as Exhibit 1 to the Supplemental Declaration of Cara David that is filed herewith.

[3] Of the Notice Packets mailed, 222 were returned as undeliverable. (Supplemental Bravata Decl. ¶ 3.) However, SCS was able to resend 100 of those to updated addresses. (*Id.*)

C.)  SCS established, and continues to maintain, a toll-free phone line and website associated with this case.  (Supplemental Bravata Decl. ¶¶ 4-5.)  The Notice Packet, Stipulation, and Preliminary Approval Order, among other documents, were posted on the website specifically created for the Settlement.  (*Id.* ¶ 5.)  In addition, on September 20, 2021, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense requests.  These Motions are supported by declarations of Plaintiffs, Lead Counsel, and the Claims Administrator.  They are available on the public docket for this Action.  (ECF Nos. 93-97).

Both the Notice and Summary Notice (collectively, the "Notices") informed Class Members of the October 25, 2021 deadline to submit an objection to the Settlement, Plan of Allocation or fee and expense request, or to request exclusion from the Class.  Specifically, the Notices informed Class Members who did not wish to participate in the Settlement, but wished to retain any causes of action against Defendants, that they could exclude themselves from the Settlement by following the procedures set forth in the Notice.  (Bravata Decl., Ex. A at 2, 6-7 and Ex. B.)  The Notices also provided that Class Members could remain in the Class, and object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.  The Notices stated that Class Members were required to send written notice of their objection to both the Court and to specified counsel for Plaintiffs and Defendants, such that any objections were postmarked or hand-delivered no later than October 25, 2021, in order to be able to appear and object to the Settlement. (Bravata Decl., Ex. A at 2, 7-8 and Ex. B.)

Following this extensive notice process—with notice to over 38,000 individuals or entities—***not a single*** objection has been received from individuals identifying themselves as

potential Class Members.  (*See* Supplemental Bravata Decl. ¶¶ 5-8.)[4]  On September 29, 2021, SCS received two exclusion requests from the same address.  *Id.* at ¶ 6. (Neither provided the requisite information to be valid, so SCS followed-up the same day asking to receive more information by October 25, 2021.  *Id.*)  Plaintiffs and Lead Counsel respectfully submit that the lack of any valid objections or requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate.  Indeed, even in cases with some objections and requests for exclusion (and Plaintiffs realize some valid requests may be received by the October 25, 2021 deadline), courts have held that "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-CM-SDA, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (holding that "[t]he absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate"); *City of Providence v. Aéropostale, Inc.*, No. 11 Civ. 7132 (CM) (GWG), 2014 WL 1883494, at *6 (S.D.N.Y. May 9, 2014) (holding that the fact that "almost no Class Member objected to the Settlement or chose to exclude himself from it is indeed the strongest indication that the Settlement is fair and reasonable"), *aff'd sub nom. Arbuthnot v. Pierson,* 607 F. App'x 73 (2d Cir. 2015).

Courts regularly grant final approval to securities class action settlements based on this consideration.  *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 86-87 (2d Cir. 2001) (holding that "[t]he District Court properly concluded that this small number of objections [18 objections to, and 72 requests for exclusion from, settlement with 27,883 class notices sent] weighed in favor

---

[4] While the Bravata Decl. was executed on October 4, 2021, Plaintiffs' counsel confirmed there were no requests for exclusion or objections received on October 5, 2021.  Nor was any additional information received regarding the two requests for exclusion already made.

of the settlement"); *In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (holding that "[g]iven the absence of significant exclusion or objection—the rate of exclusion is 5.1% and the rate of objection is less than 1%—this factor weighs strongly in favor of approval"); *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-cv-42 (JG) (VVP), 2013 WL 4525323, at *7 (E.D.N.Y. Aug. 27, 2013) (approving settlement where only two class members out of hundreds of thousands objected and 183 opted out); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 457-58 (S.D.N.Y. 2004) (six objections out of a class of approximately one million was "vanishingly small" and "constitutes a ringing endorsement of the settlement by class members"); *see also* Plaintiffs' Memorandum of Law in Support of Final Approval (ECF No. 94), at 13.

The reaction of the Class here is particularly important because of its overwhelmingly favorable response, where there were a large amount of investors notified and there are ***no*** objections. *See Guevoura Fund Ltd. v. Sillerman*, No. 1:15-cv-07192-CM, 2019 WL 6889901, at *7 (S.D.N.Y. Dec. 18, 2019) (holding that "[t]he absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement" and "strongly supports approval of the Settlement"); *In re Veeco Instruments Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) (noting that "not one class member has objected"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM) (PED), 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

"The reaction of the Class also supports approval of the Plan of Allocation." *In re Signet Jewelers,* 2020 WL 4196468, at *6; *see also In re Veeco Instruments,* 2007 WL 4115809, at *14 (holding that no objection supported approval of the Plan of Allocation).

Similarly, the reaction of the Class with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses is "entitled to great weight by the Court." *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002). Here, Lead Counsel is asking for 33.333% of the Settlement Fund, in addition to out-of-pocket expenses. Notably, this represents a negative multiplier of the lodestar. The absence of any objections to the request for an award of attorneys' fees and expenses evinces strong support for the effort and results achieved by counsel and supports a finding that the requested fees and expenses are reasonable under the circumstances of this litigation. *See, e.g.*, *id.* (holding that the "overwhelmingly positive response by the Class," where there were no "objection[s] to the fee request or the expense reimbursement sought," supports "the approval of the Class with respect to the Settlement and the fee and expense application"); *Silverstein v. AllianceBernstein, L.P.*, No. 09-CV-5904 (JPO), 2013 WL 7122612, at *9 (S.D.N.Y. Dec. 20, 2013) (holding that the lack of any objections "also provides support for Class Counsel's fee request"); *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 985 F. Supp. 410, 416 (S.D.N.Y. 1997) (explaining that in "determining the reasonableness of a requested fee, numerous courts have recognized that the 'lack of objection from members of the class is one of the most important reasons'" considered in approving a fee request (internal quotation marks omitted)). This factor therefore further supports the conclusion that Lead Counsel's requested fees and expenses are fair and reasonable and should be approved. Again, as detailed in the Final Fee Motion at 5-7, the fee request of 33.333% (a 1.42 lodestar multiplier) is fair and reasonable under the factors articulated under *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47, 50 (2d Cir. 2000). *See also Solis v. Orthonet LLC, No. 19-CV-4678 (VSB)*, 2021 WL 2678651(S.D.N.Y. June 30, 2021) (approving a

6

one-third award with a significantly higher lodestar multiplier, 2.37); (approving a one-third award with a lodestar multiplier of 2).

Finally, the lack of any objections to Plaintiffs' requests for small compensatory awards—amounting to only $8,000 total—representing reimbursement of their reasonable time and expenses incurred in prosecuting this action, also demonstrates that this request is reasonable. *See In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176-77, 183-84 (S.D.N.Y. 2014) (awarding lead plaintiff costs and expenses, including lost wages, where no class members objected); *Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 WL 6458073, at *9 (S.D. Cal. Oct. 23, 2015) (holding lead plaintiff's award was reasonable based on his time spent on the matter "and the lack of any objection from the class members").

In sum, the Settlement Class Members' emphatically positive reaction strongly favors final approval of the Settlement, Plan of Allocation, and Plaintiffs' and Lead Counsel's requests for attorneys' fees and expenses. The Settlement, Plan of Allocation, and requests for fees and expenses should also be approved for the reasons that Plaintiffs and Lead Counsel explained in their opening papers in support of the Settlement, Plan of Allocation, and fee and expense requests. (ECF Nos. 96-97.)

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that: (1) the Settlement and the Plan of Allocation are fair, reasonable, and adequate; (2) the Final Approval Motion should be granted in full; (3) the Court should approve Lead Counsel's application for an award of attorneys' fees of 33.333% of the Settlement Fund (or $600,000.00) and reimbursement of $28,818.78 in out-of-pocket litigation expenses, plus interest; (4) the Court should approve Plaintiffs' request for a compensatory awards to Lead Plaintiff Lin in the amount of $5,000 and Plaintiff Silverbird in the amount of $3,000 ($8,000 total); and (5) the Court should enter the

7

[Proposed] Final Judgment Approving Class Action Settlement and Order of Dismissal with Prejudice.

Dated: October 5, 2021

**POMERANTZ LLP**

*/s/ Cara David*
Jeremy A. Lieberman
Cara David
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (917) 463-1044
Email: jalieberman@pomlaw.com
         cdavid@pomlaw.com

*Lead Counsel for Plaintiffs and the Class*

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Additional Counsel*

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021, a copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

*/s/ Cara David*
Cara David
