**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NANCY LIN, Individually and On Behalf of All Others Similarly Situated, | Case No.  1:19-cv-00161-MKV-SLC |
| Plaintiff, | |
| v. LIBERTY HEALTH SCIENCES INC., GEORGE SCORSIS, RENE GULLIVER, and VIC NEUFELD, | |
| Defendants. | |

**[PROPOSED] ORDER AUTHORIZING THE**
**DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

Having considered all materials and arguments submitted in support of Plaintiffs' Motion for Distribution of Class Action Settlement Funds (the "Motion"), including the Memorandum of Law in Support of the Motion and the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     As set forth in the Bravata Declaration, the administrative determinations of Court-appointed Claims Administrator, Strategic Claims Services (the "Claims Administrator"), in accepting and rejecting claims are approved.  Specifically, the administrative determinations of the Claims Administrator accepting those claims set forth in Exhibits B-1 and B-2 to the Bravata Declaration are approved.  Likewise, the administrative determinations of the Claims Administrator rejecting those claims set forth in Exhibits D and E to the Bravata Declaration are approved, including the rejection of Claim 1000 for the reasons set forth in paragraph 7.c.(i) of the Bravata Declaration.

3.     The Court rejects as untimely any claims received after February 23, 2022, and any responses to deficiency and/or rejection notices received after August 10, 2022.

4.     The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants identified in Exhibits B-1 and B-2 to the Bravata Declaration, at the direction of Class Counsel, Pomerantz LLP, pursuant to the Stipulation of Settlement filed with the Court on January 8, 2021 (ECF No. 84) (the "Stipulation") and the Plan of Allocation of Net Settlement Fund set forth in the Notice of Proposed Settlement of Class Action that was distributed pursuant to this Court's prior Order.

5.      The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Lead Counsel and the Claims Administrator, are released and discharged from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

6.      The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE."  Lead Counsel and the Claims Administrator are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

7.      Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after at least six (6) months from the initial distribution (whether by reason of tax refunds, uncashed checks, or otherwise), will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10, after payment of the estimated costs, expenses, or fees to be incurred in

2

administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis*. Any remaining balance will then be distribution to a non-sectarian, not-for-profit organization selected by Lead Counsel.

8.      Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such stale-dated checks will be available for redistribution to other Authorized Claimants in subsequent distributions, if such distributions are determined to be economically feasible.

9.      In no less than one (1) year after the distribution of the Net Settlement Fund, the Claims Administrator may destroy the paper copies of the Claim Forms and all supporting documentation, and in no less than one (1) year after all funds have been distributed, the Claims Administrator may destroy the electronic copies of the Claim Forms and all supporting documentation.

10.      This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED.

DATED: _____          _____
                                    THE HONORABLE MARY KAY VYSKOCIL
                                    UNITED STATES DISTRICT JUDGE

3