**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NANCY LIN, Individually and On Behalf of All Others Similarly Situated, <br><br>                  Plaintiff, <br><br>         v. <br> LIBERTY HEALTH SCIENCES INC., GEORGE SCORSIS, RENE GULLIVER, and VIC NEUFELD, <br><br>                  Defendants. | Case No.  1:19-cv-00161-MKV-SLC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

**POMERANTZ LLP**
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email:  jalieberman@pomlaw.com

*Class Counsel for the Settlement Class*

*Additional counsel set forth on last page*

# TABLE OF CONTENTS

I.      BACKGROUND ........................................................................................................... 1

II.     DETERMINATION OF AUTHORIZED CLAIMS .......................................................... 2

        A.      Deficient and Ineligible Claims ................................................................ 2

        B.      Properly Documented Claims .................................................................... 3

        C.      Disputed Claim ......................................................................................... 4

III.    DISTRIBUTION OF THE NET SETTLEMENT FUND .................................................. 5

IV.     CONCLUSION ............................................................................................................ 6

Court-appointed Class Representatives Nancy Lin and Plaintiff Gilbert Lee Silverbird (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class, respectfully submit this memorandum in support of Plaintiffs' motion for entry of the Proposed Order Authorizing the Distribution of Class Action Settlement Funds (the "Distribution Order").[1] If entered by the Court, the Distribution Order will, among other things, (i) approve the Claims Administrator's determinations accepting and rejecting Claims submitted in the Action, and (ii) direct the distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court. The specifics of the proposed plan for distribution of the Net Settlement Fund are set forth in the accompanying Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration" or "Bravata Decl."). *See* Bravata Decl. ¶¶ 7-9.

## I.    BACKGROUND

On January 8, 2021, the Parties entered into the Stipulation, the terms of which established a $1,800,000 Settlement Fund for the benefit of the Settlement Class. The Court preliminarily approved the Settlement on July 8, 2021. ECF No. 92 (the "Preliminary Approval Order"). The Court finally approved the Settlement and entered final judgment in this Litigation on November 16, 2021. ECF No. 100 (the "Final Judgment").

The Settlement Class consists of all persons or entities who purchased, held, or otherwise acquired the common stock of Liberty Health Sciences Inc. ("Liberty") on the over-the-counter market in the United States between July 20, 2017 and December 6, 2018, both dates inclusive, and were allegedly damaged thereby. ECF No. 100, ¶ 3. Excluded from the Settlement Class are all named Defendants in the litigation, the present and former officers of Liberty and any

---

[1] All capitalized terms used herein have the meanings set forth and defined in the Stipulation of Settlement filed with the Court on January 8, 2021 (ECF No. 84) (the "Stipulation").

subsidiary thereof, and the immediate family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Settlement Class Period. *Id.*

Class Counsel has been advised by the Court-appointed Claims Administrator, Strategic Claims Services (the "Claims Administrator"), that it has completed processing proofs of claim submitted by those persons who responded to the Notice of Proposed Settlement of Class Action and has determined which of those persons are Authorized Claimants. *See* Bravata Declaration ¶¶ 6-7.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

### A.    Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order (ECF No. 92), all claims were to be submitted to the Claims Administrator postmarked no later than seven days after the Settlement Hearing, which was scheduled for and held on November 15, 2022.  ECF No. 92 ¶¶ 5, 12.  The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. *See* Bravata Decl., ¶¶ 6-7.

The Claims Administrator initially identified 146 inadequately documented claims. *Id.*, ¶ 7.b.  The Claims Administrator mailed or emailed inadequacy notices to each of those claimants, advising them of the nature of the inadequacy and providing them an opportunity to cure. *Id.*  Of those 146 claims, 65 have been successfully cured. *Id.*  The remaining 81 inadequate claimants either did not respond to the inadequacy notice or responded with inadequate documentation and were sent a rejection notice setting forth the reason for their inadequacy. *Id.*  To date, none of those 81 inadequate claimants has objected to or contested this determination. *Id.*

In addition, the Claims Administrator identified 468 claims that it has recommended for complete rejection because they were either ineligible, wholly deficient, or had no Recognized

Loss. *Id.*, ¶ 7.c. Such claimants were sent rejection notices advising them of the Claims Administrator's determination. *Id.*; *see also id.*, Ex. C (sample deficiency notice) and Ex. F (sample ineligibility notice).[2] To date, only one of these ineligible claimants has contested this determination. *See* § II.C., *infra*.

### B.    Properly Documented Claims

Of the 1,132 Claim Forms received by the Claims Administrator, the Claims Administrator determined that 583 are properly documented, valid claims. *Id.*, ¶¶ 6, 7.a.

The Claims Administrator identified 576 properly documented, valid claims that were received on or before the claims filing deadline of November 22, 2021. *Id.*, ¶ 7.a. In addition, the Claims Administrator identified eight properly documented, valid claims that were submitted after November 22, 2021 but before February 23, 2022. *Id.* The Claims Administrator recommends the acceptance of these eight claims because they have not significant delay to the distribution of the Net Settlement Fund to the Settlement Class, or otherwise prejudiced any Authorized Claimant. *Id.*; *see In re Agent Orange Prod. Liab. Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (permitting qualifying late claimants and opt-out claimants to participate in settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant costs need be incurred to allow the late claims and opt-out claims."); *see also In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (allowing late claims postmarked within one month and four days of original deadline to participation in distribution of settlement funds). The Claims Administrator recommends the rejection of claims filed after February 23, 2022, or responses to

---

[2] For privacy reasons, Exhibits C and F, and the documents included in Exhibit G, have been redacted to remove personal information such as street address, telephone numbers, social security/taxpayer identification numbers and financial account numbers.

rejections received after August 10, 2022, due to extreme lateness and because their inclusion would have delayed finalization of the administration.  Bravata Decl., ¶ 6 fn.2.

### C.    Disputed Claim

As stated above, to date, only one claimant (Claim 1000) has contested the Claims Administrator's determination that their claim is ineligible to participate in distribution of the Net Settlement Fund.  Claim 1000 filed a claim in connection with the purchase of 112,400 shares of Liberty common stock during the Settlement Class Period in its US account ending in 239.  *Id.*, ¶ 7.c.(i); *see also id.*, Ex. G at 1-52 of 69.  70,000 shares were sold for a profit during the Settlement Class Period.  *Id.*, ¶ 7.c.(i).  As set forth in the Notice, the Plan of Allocation provides that for shares purchased or otherwise acquired during the Settlement Class Period and sold during the Settlement Class Period, the Recognized Loss per share will be the lesser of: (1) the inflation per share upon purchase less the inflation per share upon sale, or (2) the purchase price per share minus the sales price per share.  *See* ECF No. 92, Ex. A-1 (Notice of Proposed Settlement of Class Action), at 13.  The 70,000 shares submitted by Claim 1000 that were sold at a profit (i.e., a sale price greater than the purchase price), therefore had a negative Recognized Loss which, as set forth in the Notice (*see* ECF No. 92, Ex. A-1 at 12), was set to zero.

The remaining 42,400 shares submitted in Claim 1000 were held to the end of the 90-day lookback period, which ended on March 6, 2019.  Bravata Decl., ¶ 7.c.(i); *see also id.*; Ex. G.  As set forth in the Notice, the Plan of Allocation provides that for shares purchased or otherwise acquired during the Settlement Class Period and retained as of the close of trading on March 6, 2019, the Recognized Loss will be the lesser of: (1) the inflation per share upon purchase, or (2) the purchase price per share minus $0.76 per share (which was the average daily closing price of Liberty common stock during the 90-day lookback period of December 7, 2018 through and including March 6, 2019).  *See* ECF No. 92, Ex. A-1 at 13.  The 42,400 shares purchased during

the Settlement Class Period were purchased for less than $0.76 per share. Therefore, "the purchase price per share minus $0.76 per share" yielded a negative number, which was set to zero.

Thus, because the trading listed on Claim 1000 resulted in a trading gain during the Settlement Class Period, the shares submitted by Claim 1000 were determined to have zero Recognized Losses. Bravata Decl., ¶ 7.c.(i); *see also id.*, Ex. G at 55 of 69. Furthermore, the Notice stated that "[t]o the extent a claimant had a trading gain or 'broke even' from his, her or its overall transactions in Liberty Shares during the Settlement Class Period, the value of the Recognized Loss will be zero and the claimant will not be entitled to a share of the Net Settlement Fund." ECF No. 92, Ex. A-1 at 14.

The Claims Administrator sent Claim 1000 an ineligibility notice stating that the claim was ineligible because "[y]our claim has resulted in a trading gain during the Class Period." Bravata Decl., Ex. G at 55 of 69. The claimant responded to state that "[a]ll of these shares should be eligible since they were all purchased in the Settlement Class Period." *Id.*, Ex. G. at 66-67 of 69. The claimant did not, however, dispute the Claims Administrator's determination that the claim resulted in a trading gain during the Class Period and thus has no Recognized Losses. *Id.* The Claims Administrator respectfully requests that the Court uphold its determination that Claim 1000 is ineligible pursuant to the Notice and Plan of Allocation. *Id.*

## III.   DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Plan of Allocation authorized by the Court's Final Judgment (ECF No. 100, ¶ 8), "[t]he Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible" (ECF No. 92, Ex. A-1 at 12).

5

Furthermore, pursuant to the Plan of Allocation, if there is any balance remaining in the Net Settlement Fund after at least six months after the initial distribution, such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel (subsequently appointed as Class Counsel) as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organized selected by Lead Counsel.  ECF No. 92, Ex. A-1 at 16.

## IV.    CONCLUSION

For the foregoing reasons, Class Representatives respectfully request that the Court decide the Motion on the papers and approve and enter the [Proposed] Order Authorizing Distribution of Class Action Settlement Funds.

Dated: August 22, 2022                                    **POMERANTZ LLP**

By: */s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email:  jalieberman@pomlaw.com

*Class Counsel*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel*